TOM ALLEN MASSENGALE v. TENNESSEE RIVER NAV. CO.

(*Nashville.*   December Term, 1921.)

MASTER AND SERVANT.   Steamboat employee held engaged in ''interstate commerce'' excepted from Compensation Act.

Where a company was operating a steamboat on the Tennessee River between Chattanooga, Tenn., and Decatur, Ala., and the mate on the boat was injured while trying to get a deck hand to perform his duties incident to a shipment of freight, the company and its injured employee were both engaged in "interstate commerce,' within Workmen's Compensation Act, section 6, subdivision a, excepting from the operation of the statute carriers engaged in interstate commerce.

Acts cited and construed:   Acts 1919, ch. 123, sec. 6.

Case cited and approved:   Salmon v. Southern Railway Co., 133 Tenn., 223.

FROM HAMILTON.

Error to the Circuit Court of Hamilton County.—HON. OSCAR YARNELL, Judge.

THOS. S. MYERS, for plaintiff in error.

R. H. WILLIAMS, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought under the Workmen's Compensation Act, chapter 123, Acts of 1919, by the plaintiff to recover for injuries sustained while in the service of defend-

ant. There was a judgment for defendant, from which the plaintiff has appealed in error to this court.

The defendant operates a steamboat, known as the Chattanooga, on the Tennessee River between Chattanooga, Tenn., and Decatur, Ala. The plaintiff was mate on that boat. He had charge of the deck hands or laborers. One of the latter had refused to perform his duties. The boat was returning from Decatur to Chattanooga. It was approaching Subletts Ferry, Ala., where it was intended to land and take on a shipment of hogs for Chattanooga. The plaintiff had followed the refractory deck hand into the kitchen of the boat to get the latter to come out and attend to his duties incident to the landing and taking on this freight at Sublett's Ferry. The deck hand, under these circumstances, shot the plaintiff and inflicted the injuries for which compensation is here sought.

Chapter 123 of the Acts of 1919, section 6, subd. a, excepts from the operation of that statute:

"Any common carrier doing an interstate business while engaged in interstate commerce."

The plaintiff was engaged as mate on a boat proceeding from Decatur to Chattanooga. At the time he was injured he was trying to get a deck hand to perform duties incident to a shipment or consignment of freight from Sublett's Ferry, Ala., to Chattanooga, Tenn. We think there can be no doubt, therefore, but that not only the employer, but the employee suing, were both engaged in interstate commerce at the time of this injury.

If the defendant here were a railroad carrier, this case would clearly fall under the federal statute. *Salmon* v. *Southern Railway Co.,* 133 Tenn., 223, 180 S. W., 165, and federal decisions therein reviewed.

The exclusion in the Tennessee statute seems broader moreover than the inclusion in the federal statute.

Chapter 123 of the Acts of 1919 excludes from its benefits the employees of any common carrier "doing an interstate business while engaged in interstate commerce."

The act of Congress includes the employee of—"every common carrier by railroad while engaging in commerce between any of the several states or territories, . . . while he is employed by such carrier in such commerce." 35 Stat. at L. 65, chapter 149, section 1, U. S. Comp. Stat. Supp., 1911, p. 1322, U. S. Comp. St., 1916 or 1918, section 8657.

We need not here consider the difference between the two statutes since, in the case before us, the carrier was "engaged in interstate commerce" and the employee was, at the time of his injury, "employed by such carrier in such commerce."

The judgment below is affirmed.