S. S. WILLIAMS *v.* CAROLINA, CLINCHFIELD & OHIO RAIL-
WAY COMPANY AND CLINCHFIELD RAILROAD COMPANY.*

(*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

1. **WORKMEN'S COMPENSATION ACT. Common carrier. Inter-
state commerce.**

The language of section 6 (a) of the Workmen's Compensation Act
(Acts 1919, ch. 123), providing that this act shall not apply to
any common carrier, while engaged in interstate commerce, does
not exclude from the application of the statute every common
carrier doing an interstate business, but such common carriers
are excluded only, "while engaged in interstate commerce." (Post,
p. 228.)

2. **SAME. Same. Same. Employee. Construction.**

To take the case out of the application of the Workmen's Compen-
sation Act, the work in which the employer and employee are
jointly engaged at the time of injury must be an act of inter-
state commerce, or so closely related, as to be a practical part.
(Post, p. 228.)

Cases cited: Prince v. N. C. & St. L. Ry., 152 Tenn., 189; Vaught
v. East Tenn. & W. N. C. Ry. Co., 148 Tenn., 379; Massengale v.
Tenn. River Nav. Co., 146 Tenn., 248; Shanks v. Deleware, L. &
W. R. Co., 239 U. S., 556.

3. **SAME. Same. Same. Same. Federal Employer's Liability Act.**

Where the declaration shows affirmatively that plaintiff at time of
injury was not engaged in interstate transportation, nor in work
so closely related to it as to be practically a part of it, a de-
murrer was properly sustained on the ground that the accident,
and remedy of plaintiff falls within the Workmen's Compensa-
tion Act, and not within the Federal Statute. (Post, p. 229.)

---

*As to what employees are engaged in interstate commerce within
Federal Employers' Liability Act, see annotation in 10 A. L. R. 1184;
14 A. L. R. 732; 24 A. L. R. 634; 29 A. L. R. 1207.

Cases cited: Employer's Liability Act, 35 U. S. Statutes at Large, 65, ch. 149; Workmen's Compensation Act, Acts 1919, ch. 123.

---

*Headnotes 1. Commerce, 12 C. J., section 55; 2. Workmen's Compensation Acts, C. J., sections 31, 34; 3. Workmen's Compensation Acts, C. J., sections 31, 155.

---

FROM UNICOI.

---

Appeal from Unicoi Law Court, of Unicoi County.—HON. D. A. VINES, Judge.

BURROW & BURROW and JAS. G. BARB, for plaintiff in error.

COX & TAYLOR, and J. J. McLAUGHLIN, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff, S. S. Williams, sued the defendant companies for damages under the common law. His declaration disclosed that his ground of action was predicated upon personal injuries sustained by him while working as an employee of the defendant companies in operating a reaming machine on steel sheeting designed for use as a part of a coal car owned by the defendants; the place where the injury was received being the yards of the companies maintained for the repair of engines and cars at Erwin, Unicoi county, Tennessee.

154 Tenn.—15.

The declaration averred that the defendants were operating an interstate railroad from a point in South Carolina, through Tennessee, to a point in Kentucky, and were engaged in the business of a common carrier of freight and passengers.

An amendment to the declaration contained an additional averment that "plaintiff at the time of his injury aforesaid was not engaged in work so closely connected with interstate transportation as to be a part of it."

No averments of fact were made in the declaration from which it could be inferred or held that the plaintiff, at the time he was injured, was himself engaged in interstate commerce so as to make the accident fall within the application of the Act of Congress known as the Employers' Liability Act (35 Statutes at Large, 65, chapter 149), as that statute has been construed by the Supreme Court of the United States and by this court.

The appeal is from the action of the circuit court of Unicoi county in sustaining a demurrer to the declaration and in dismissing the plaintiff's suit, on the ground that the accident and plaintiff's remedy fall within the provisions of the Tennessee Workmen's Compensation Act, chapter 123 of the Public Acts of 1919.

It is contended for the plaintiff that the averment of the declaration that the defendant companies were operating an interstate railroad, and were, therefore, engaged in interstate commerce as common carriers, operates to take the case out of the application of the Workmen's Compensation Law, regardless of the character of work the plaintiff, as an employee, was doing at the time he was injured.

Plaintiff contends that this is the necessary effect of section 6 of the Workmen's Compensation Act (Acts 1919, chapter 123), as follows: "That this act shall not apply to:

"(a)   Any common carrier doing an interstate business while engaged in interstate commerce."

Replying to this contention, the defendants, in their brief, say:

"It matters not what the carrier was doing generally at the time of the accident, but the question is what was it doing with respect to this particular employee; what were the employer and employee engaged in together. If the employee were engaged in intrastate commerce, it follows that the carrier was likewise engaged in such commerce."

To sustain the contention of the plaintiff as to the proper meaning and application of the language above quoted from section 6 of the Workmen's Compensation Act, would be to deny the privileges and immunities arising under the act to all employees of common carriers in Tennessee engaged in interstate commerce, regardless of whether their employment is concerned with interstate commerce or entirely with work of a local character not related to interstate commerce.

We find nothing in the act itself authorizing such a construction, and section 47 thereof enjoins upon the court the duty of giving an equitable construction to the act, to the end that the objects and purposes thereof may be realized and obtained, without regard to the rule of common law requiring a strict construction of statutes in derogation of the common law. This court has consis-

tently kept this declaration in mind in construing the statute in earlier cases.

The language of section 6 does not exclude from the application of the statute every common carrier doing an interstate business, but such common carriers are excluding only "while engaged in interstate commerce."

The subject of the statute is the liability of employers and the rights and remedies of employees, growing out of industrial accidents. The meaning of the language quoted from section 6 is clearly that the liability and rights defined in the statute shall not arise from an injury to an employee when his employer, doing an interstate business, is engaged in interstate commerce. To exclude the injury from the application of the statute, it is not sufficient that the employer be doing an interstate business as a common carrier, the statute expressly providing that the employer must also be "engaged in interstate commerce." This can only mean that the work in which the employer and employee are jointly engaged, as master and servant, at the time of the injury, be an act of interstate commerce, or so closely related to interstate commerce as to be practically a part of it.

Such, in effect, is the construction given to the statute by previous opinions of this court. *Prince* v. *N. C. & St. L. Ry.*, 152 Tenn., 189; *Vaught* v. *East Tenn. & W. N. C. Ry. Co.*, 148 Tenn., 379; *Massengale* v. *Tenn. River Nav. Co.*, 146 Tenn., 248.

In each of the cases cited it was presented for determination by the court whether an injury sustained by an employee of a common carrier doing an interstate business was within the application of the Tennessee Workmen's Compensation Act. In each case the decision was

predicated, not merely upon whether the employer was engaged generally in interstate commerce as a common carrier, but also whether the employee, at the time he received the injury, was engaged in interstate commerce.

In *Vaught* v. *East Tenn. & W. N. C. Ry. Co.,* 148 Tenn., 379, this court quoted as the "true test of employment in interstate commerce in the sense intended" an excerpt from the case of *Shanks* v. *Deleware, L. & W. R. Co.,* 239 U. S. 556, as follows: "Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?"

This court held that Vaught was not entitled to compensation under the Workmen's Compensation Act because his employment fell within the test announced in *Shanks* v. *Deleware, L. & W. R. Co.,* supra.

The declaration in the present case showing affirmatively that the plaintiff, at the time he received his injury, was not himself engaged in interstate transportation nor in work so closely related to it as to be practically a part of it, he was entitled to compensation under the Tennessee statute, and could not maintain an action against his employer under the provisions of the common law for damages on account of such injury, section 8 of the Workmen's Compensation Act so providing.

Other questions are made by assignments of error going to other grounds of the demurrer sustained by the circuit court, which we find it unnecessary to consider in view of the conclusions hereinabove stated.

It results that the judgment of the circuit court sustaining the demurrer of the defendants and dismissing the suit at plaintiff's cost will be affirmed.